UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MEDICINE SHOPPE INTERNATIONAL, )
INC., )
)
       Plaintiff, )
)
  vs. ) No. 4:07-CV-445 (CEJ)
)
ANTHONY ROGERS, )
)
       Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion [#8] for default judgment, pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were personally served on defendant on March 9, 2007. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on June 29, 2007.

This matter arises out of defendant's alleged breach of several agreements with plaintiff relating to defendant's operation of a Medicine Shoppe franchised pharmacy. Plaintiff seeks recovery of the outstanding balance under a promissory note, past due licensing and development fees, attorneys' fees, costs, and other unpaid amounts owed by defendant. Plaintiff asks for default judgment in the amount of $172,209.60. Additionally, plaintiff requests post-judgment interest on the outstanding principal balance and past due amounts.

Plaintiff is a national franchisor for the operation of low-cost prescription pharmacies. Plaintiff enters into licensing

agreements with franchisees, allowing them to use the "Medicine Shoppe" name and system on their pharmacies in exchange for licensing fees based on a percentage of the pharmacy's revenue. Defendant, a registered pharmacist, purchased a Medicine Shoppe pharmacy located in Toms River, New Jersey, from its previous owners. As part of the purchase, defendant executed a License Agreement, which authorized defendant to continue to operate the pharmacy as part of the Medicine Shoppe franchise. To finance the purchase, defendant executed a Master Loan and Security Agreement and a Promissory Note allowing him a line of credit. Pursuant to the Agreement and Note, the defendant advanced funds in the amount of $130,000.00 from plaintiff. Defendant operated the pharmacy from March 2005 through July 2006.

The defendant failed to make payments as required under the Promissory Note. According to plaintiff's verified motion for default judgment, as of June 15, 2007, defendant still owes plaintiff $126,050.08, representing the outstanding principal balance of the note plus interest. Additionally, as of May 31, 2007, defendant also owes plaintiff $35,552.18 in other past due amounts, including licensing and development fees.[1] Upon reviewing

---

[1] The Court notes that the past due amounts listed in the verified motion for default judgment are greater than those identified in the complaint. By defaulting, defendant admits only what is contained within the complaint. See Angelo v. Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004). However, the complaint also indicated that the amounts would increase, stating that they were current only as of July 11, 2006, and that interest would continue to accrue over time. Thus, the Court finds that the balances identified in plaintiff's verified motion for default, reflecting those increased amounts,

the record, the Court finds that plaintiff has established that it is entitled to default judgment in the amount of $161,602.26, constituting the balance of the promissory note and the past due amounts identified above.

Plaintiff also seeks post-judgment interest. Post-judgment interest awards are governed by 28 U.S.C. §1961, which states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. §1961. The interest is "calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield...for the calendar week preceding the date of judgment." 28 U.S.C. §1961(a).

There is no question that plaintiff is entitled to post-judgment interest, as such is mandatory under §1961. See Hillside Enterprises v. Carlisle Corp., 69 F.3d 1410, 1415 (8th Cir. 1995). However, while plaintiff seeks the statutory interest rate[2] on $35,552.18 of the judgment, plaintiff seeks a rate of prime plus three percentage points, the rate which applied during the life of the loan, for the remaining $126,050.08 of the judgment, which represents the outstanding balance of the loan plus interest. The language of 28 U.S.C. §1961(a), however, indicates that use of the statutory rate is mandatory. See 28 U.S.C. §1961(a) (stating that

---

are the proper figures on which to enter default judgment.

[2]The Court's website provides a helpful guide for determining the current post-judgment interest rate under §1961(a). See http://www.moed.uscourts.gov/financial/postjudgmentinterestrate.asp for the current applicable rate.

-3-

the "interest *shall* be calculated" at the statutory rate)(emphasis added).³ Given that plaintiff does not cite any legal authority or make any argument in support of its assertion that the interest rate contained in the promissory note should apply after judgment in lieu of the federal statutory rate, the Court will apply the statutory rate for the entire $161,602.26 judgment.

Plaintiff also seeks $9,848.15 in attorneys' fees and $759.19 in costs.⁴ The License Agreement requires defendant, upon a finding that he breached the agreement, to reimburse plaintiff for any legal fees incurred in enforcing the agreement. Plaintiff presents the affidavit of Benjamin Halpert, an attorney with Sonnenschein Nath & Rosenthal LLP, who states that his firm spend a total of 41.2 hours representing plaintiff in this matter. Mr. Halpert states that his firm billed plaintiff $9,848.15 in attorneys' fees and that, in his belief, the billing rates for the attorneys at his firm is at or below the market rate for comparable service. While Mr. Halpert does not identify the hourly rate applicable to the attorneys working on this matter, the average

---

³Despite this seemingly mandatory language, some courts have held that the parties may instead contractually agree on a higher interest rate. See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d. Cir. 2004)(noting, however, that the parties must explicitly indicate their intent to deviate from §1961 in order to do so); Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 244 F.Supp.2d 1250, 1274-75 (D. Kan. 2003). The Eighth Circuit has not directly decided the issue. Even assuming that parties can contractually agree to a higher rate than that mandated by 28 U.S.C. §1961, plaintiff has not alleged that the parties specifically did so in this instance.

⁴Plaintiff does not seek post-judgment interest for these amounts.

hourly rate equates to $239.00. The Court agrees that $9,848.15 constitutes a reasonable amount for attorneys' fees in this matter. Further, costs in the amount of $759.19 will also be included in the judgment.

For the reasons discussed above, default judgment in favor of plaintiff will be granted in the amount of $172,209.60. Post-judgment interest, at the federal statutory rate specified in 28 U.S.C. §1961(a), will accrue on $161,602.26 of that judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#8] for default judgment is **granted**.

                                                  CAROL E. JACKSON
                                                  UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2007.